FORM 5. Petition for Review/Notice of Appeal of an Order or Decision of an Agency, Board,     **Form 5**
Commission, Office, Bureau, or the US Court of Federal Claims (vaccine appeals only))     **March 2023**

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## PETITION FOR REVIEW/NOTICE OF APPEAL

Notice is hereby given that the petitioner(s)/appellant(s) listed below hereby appeal(s) the below-noted case to the United States Court of Appeals for the Federal Circuit.

Originating Tribunal *(Name of Agency, Board, Commission, Office, Bureau, or Court whose decision is being appealed)*:    DOJ Public Safety Officer's Benefit Office

Case number being appealed:    PSOB Claim Number 2013-DIS-047

Case title being appealed:    John Cramer, Claimant , PSOB

Date of final decision or order being appealed:    12/22/2025

Date decision or order was received:    01/07/2026

☑ I have attached a copy of the decision or order being appealed.

**List all Petitioners/Appellants** (List each party filing this appeal. Do not use "et al." or other abbreviations. Attach continuation pages if necessary.)

John Cramer

Date: 01/14/2026

Signature: *[signature]*

Name: J. Stephen Wirthlin

Address: 3743 Aylesboro Ave.

Cincinnati, Ohio 45208

**RECEIVED**

JAN 2 8 2026

United States Court of Appeals
For the Federal Circuit

Phone Number: (513)708-2047

Email Address: swirthlin@fuse.net

FORM 5. Petition for Review/Notice of Appeal of an Order or Decision of an Agency, Board,
Commission, Office, Bureau, or the US Court of Federal Claims (vaccine appeals only))

Form 5
March 2023

# UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

## PETITION FOR REVIEW/NOTICE OF APPEAL

Notice is hereby given that the petitioner(s)/appellant(s) listed below hereby appeal(s) the below-noted case to the United States Court of Appeals for the Federal Circuit.

Originating Tribunal *(Name of Agency, Board, Commission, Office, Bureau, or Court whose decision is being appealed)*:    DOJ Public Safety Officer's Benefit Office

Case number being appealed:    PSOB Claim Number 2013-DIS-047

Case title being appealed:    John Cramer, Claimant , PSOB

Date of final decision or order being appealed:    12/22/2025

Date decision or order was received:    01/07/2026

☑ I have attached a copy of the decision or order being appealed.

**List all Petitioners/Appellants** (List each party filing this appeal. Do not use "et al." or other abbreviations. Attach continuation pages if necessary.)

John Cramer

Date: 01/14/2026

Signature: *[signature]*

Name: J. Stephen Wirthlin

Address: 3743 Aylesboro Ave.

Cincinnati, Ohio 45208

**RECEIVED**

JAN 28 2026

United States Court of Appeals
For the Federal Circuit

Phone Number: (513)708-2047

Email Address: swirthlin@fuse.net



**U.S. Department of Justice**

Office of Justice Programs

*Bureau of Justice Assistance*

*Washington, D.C. 20531*

**Director Determination**
John Cramer
PSOB Claim 2013-DIS-047

John Cramer ("Claimant") filed a claim with the Public Safety Officers' Benefits ("PSOB") Office of the Bureau of Justice Assistance ("Bureau"), seeking disability benefits under the PSOB Act[1] and its implementing regulations,[2] based on injuries sustained on April 10, 2007, and April 22 and August 24, 2011, while working for the New York State Unified Court System ("UCS"). This matter comes before me, *de novo*, as Acting Director on timely appeal from a denial by an independent Hearing Officer of that claim.

Having reviewed the entire record, as described in the attached evidence log, I do not find cause to decide the claim differently from the Hearing Officer in his thorough and careful decision provided to the Claimant on May 8, 2018. I adopt the Hearing Officer's findings as to public safety officer status (pages 1–2), line of duty injury (pages 2, 4–6), permanent disability (pages 4–7), total disability (pages 4–7), and substantial weight (page 7).[3]

In addition to the medical evidence in the record that the Hearing Officer considered and weighed in the course this appeal, this office sought additional medical opinions to address

---

[1]      When the Claimant filed for PSOB death benefits, the PSOB Act was codified at 42 U.S.C. § 3796 et seq. Since that time, the Office of Law Revision Counsel reorganized certain existing provisions of the United States Code in a new Title 34. Pursuant to this reorganization, the provisions of the PSOB Act are now located in Title 34, chapter 101, subchapter XI, and accordingly, the citations in this determination are to the new location of the PSOB Act in the Code.

The PSOB Act generally is applied as in effect on the line-of-duty injury on which the claim is predicated. *See generally* 28 C.F.R. § 32.4(d). Except as otherwise may be expressly noted, therefore, references herein to the statute are as in effect on the date of death, including as may be applicable pursuant to Pub. L. No. 117-172, § 3(b)(1)(B), 136 Stat. 2098, 2100–2101 (2022); Pub. L. No. 117-61, § 8(b)(2), 135 Stat. 1474, 1479 (2021); Pub. L. No. 115-36, § 6(2), 131 Stat. 849, 852 – 853 (2017); and Pub. L. No. 112-239, § 1086(d), 126 Stat. 1632, 1969 (2013), as amended. In contrast, and except as may be noted otherwise, the PSOB implementing regulations (which are codified at 28 C.F.R. part 32) are referred to herein as in effect on the date of this determination. *See* 34 U.S.C. § 10287.

[2]      28 C.F.R. part 32. Pursuant to 34 U.S.C. § 10287, references in this determination to the PSOB implementing regulations are to those regulations as in effect on the date of this determination.

[3]      Hearing Officer Determination, undated. [R. 1018.]

issues regarding total disability. I address that medical evidence and the Claimant's arguments in support of this appeal below.

### Submissions to the BJA Director

The Claimant's initial filing on appeal consisted of a memorandum in support of his appeal asserting error in the Hearing Officer's determination. On February 24, 2020, Orthopedic Surgeon Paul DiCesare reviewed the record and provided an independent medical opinion (IME) to the Bureau, under the legal standards of the PSOB program, concluding that the Claimant was not "totally disabled" and that "it d[id] not appear that any significant injuries resulted from the incidents occurring on April 22 and August 24, 2011."[4] On March 25, 2020, Dr. DiCesare provided a more detailed IME with an addendum to his opinion, and clarified that he did not believe that the claimant's neck pain was related to the two 2011 incidents and explained that he believed that claimant was able to perform a limited type of gainful work thus not meeting the PSOB definition of totally disabled.[5] These opinions were provided to the Claimant's Counsel by letter dated June 22, 2018.[6]

The Claimant thereafter filed a second memorandum in support of his appeal with an addendum dated September 25, 2020, with exhibits.[7]

### Discussion

*Permanent and Total Disability*

To be eligible for a PSOB disability benefit, it is not enough that a claimant sustained an injury in the line of duty. Rather, for a claim to be payable under 34 U.S.C. § 10281(b), a claimant also must show that he has "become permanently and totally disabled as the direct and proximate result" of the line of duty injury.

The PSOB Act's implementing regulations provide that "[a] disability results directly and proximately from an injury if the injury is a substantial factor in bringing it about"—*i.e.*, if the force or factor was alone sufficient to have caused the condition, or no other factor (or

---

[4]    Independent Medical Review, conducted by Paul DiCesare, MD, FACS, dated February 24, 2020. [R.1038]

[5]    Addendum Independent Medical Review, conducted by Paul Di Cesare, MD, FACS, dated March 25, 2020. [R.1043.]

[6]    Acknowledgment of BJA Appeal from Hope Janke, PSOB Director, to John Cramer, dated June 22, 2018 (with attachments). [R. 1036.]

[7]    Memorandum in support of Director's Appeal letter from J. Stephen Wirthlin (Attorney for Claimant), to PSOB, dated September 25, 2020, with exhibits. [R. 1058.]

combination of factors) contributed to the injury to as great a degree as it did.[8] At 28 C.F.R. § 32.23, the regulations go on to provide the following pertinent definitions:

*Gainful work* means full- or part-time activity that actually is compensated or commonly is compensated.

*Permanently disabled*—An individual is permanently disabled only if there is a degree of medical certainty (given the current state of medicine in the United States) that his disabled condition—

    (1)    Will progressively deteriorate or remain constant, over his expected lifetime; or

    (2)    Otherwise has reached maximum medical improvement.

*Residual functional capacity* means that which an individual still is capable of doing, as shown by medical (and, as appropriate, vocational) assessment, despite a disability.

*Totally disabled*—An individual is totally disabled only if there is a degree of medical certainty (given the current state of medicine in the United States) demonstrated by convincing evidence that his residual functional capacity is such that he cannot perform any gainful work.

*Medical certainty*—A fact exists to a degree of medical certainty, when, pursuant to a medical assessment, the fact is demonstrated by convincing evidence.

*Claimant's Argument*

The Claimant maintains that he is permanently and totally disabled from injuries he sustained on April 22 and August 24, 2011.[9] He contends that his physical condition has deteriorated and the totality of his physical symptoms prevent him from engaging in any gainful work.[10] He also argues that his prescriptions for gabapentin, NSAIDs, prednisone, Lyrica, Percocet, and Valium are due to the two incidents.[11]

---

[8]    *See* 28 C.F.R. § 32.3 (definition of *Substantial factor*).

[9]    Memorandum in support of Director's Appeal letter from J. Stephen Wirthlin (Attorney for Claimant), to PSOB, dated September 25, 2020, with exhibits. [R. 1058.] The April 10, 2007 incident with a diagnosis of contusions (bruising) is included in the initial PSOB claim, but the attorney does not argue that it is relevant injury in his most current memorandum, and he does not include it in his discussion. [R..1058.] The 2007 incident was included in an earlier Proposed Order from Stephen Wirthlin with an attached letter labeled Ex. 1 from Attorney Wirthlin to Dr. Peter Buffa which also referenced the 2007 incident. [R. 126-132.]

[10]    *Id.* [R. 1058.]

[11]    *Id.* [R. 1058.]

The Claimant's argument relies largely on an opinion from Mr. Cramer's primary physician, Dr. Buffa.[12] In regards to Dr. Buffa's opinion, Claimant's counsel argues that Mr. Cramer's injuries from the incidents include the cervical radiculopathies even though Mr. Cramer initially complained of right shoulder and right wrist pain, and Mr. Cramer was not diagnosed with cervical radiculopathy until a year after his Sergeant allegedly hit his right shoulder. Attorney Wirthlin cites a letter from Dr. Buffa describing treatment beginning three days after Mr. Cramer's first incident and continuing for years thereafter. In that letter, Dr. Buffa states, "[o]n April 25, 2011, he presented to me with three days of significant pain in his right arm and shoulder after drawing his pistol at work." Mr. Cramer was re-evaluated on May 31, 2011. "At that time the pain expanded and involved the back of his neck and left arm."

Mr. Cramer was punched in the right shoulder by a coworker on August 24, 2011, with pain that "immediately began to involve the left shoulder and it worsened in his neck and right arm pain."[13] Dr. Buffa explains that Mr. Cramer had EMG/CMV studies with Dr. Soni a year after the final incident, on April 24, 2012, which showed bilateral C7 radiculopathy.[14] Dr. Buffa states, that two years after that, on December 5, 2016, Mr. Cramer had a repeat EMG/CMG study which shows that Mr. Cramer now has both C6 and C7 bilateral radiculopathies, bilateral carpal tunnel syndrome and ulnar nerve neuropathy.[15] Attorney Wirthlin argues that Dr. Buffa finds Mr. Cramer to be permanently and totally disabled and argues that Mr. Cramer's condition has worsened and that he was awarded Worker's Compensation and Social Security Benefits.[16]

The Claimant submitted an additional questionnaire from Dr. Buffa wherein he indicates that the 2011 incidents caused the Claimant's cervical disc disorder. The opinion evidence, though, is nothing more than Yes–No answers to a series of questions with a single conclusory statement saying, in its entirety, "Mr. Cramer continues to experience chronic neck and upper back pain since his injuries in 2011. His pain is gradually progressing. A follow up cervical spine MRI in 2023 revealed worsening [disc] disease at C5–C6, C6–C7." The treatment notes accompanying this questionnaire do not purport to draw a causal connection between the 2011 incidents and his cervical disc disorder until 2024.[17]

The question is not whether the Claimant suffers from these conditions in his cervical spine. The issue is whether these conditions are the direct and proximate result of the 2011 incidents. Other medical evidence suggests that it is not—Dr. Paul DiCesare's opinion, discussed

---

[12]    *Id.* at p.2 [R. 1059.]

[13]    *Id.* [R. 1059.]

[14]    *Id.* at 3. [R. 1060.]

[15]    *Id.* [R. 1060.]

[16]    *Id.* [R. 1060-1064.]

[17]    *See, e.g.,* Treatment Notes, Peter Buffa, M.D. (February 27, and August 10 and 30, 2023; February 29, September 5, 2024).

above, for one.[18] The Claimant asserts that such opinion is "expressly contrary to the findings and opinions of Dr. Oetgen and Dr. Buffa" and should therefore be disregarded because he "erred in reporting."[19] I find this argument is without merit. Dr. DiCesare is an orthopedic surgeon who reviewed an up-to-date medical record; Dr. Oetgen reviewed just 28 pages more than a decade ago. Dr. DiCesare's specialization as an orthopedic surgeon lends more weight his opinion on the Claimant's orthopedic injuries than that of Dr. Buffa, an internist.

Further, none of the orthopedic surgeons who examined Mr. Cramer gave opinions which would support a finding of permanent and total disability. Dr. Petrizzo, Mr. Cramer's treating orthopedic surgeon, only certified a temporary impairment, diagnosing an osteophyte complex (bone spurs), and degenerative disc disease, and cervical radiculopathy.[20] Suggesting a natural condition, it is unclear how participating in a "quick draw" exercise and being hit by his Sergeant would cause Mr. Cramer to develop an osteophyte complex or degenerative disc disease.

During his claim for Retirement and Worker's Compensation benefits, Mr. Cramer underwent two IMEs with two separate orthopedic surgeons, neither of whom found Mr. Cramer to be permanently and totally disabled. Dr. Sotudeh diagnosed Mr. Cramer with Cervical spine sprain/strain and right shoulder sprain/strain, and only found evidence of a mild partial disability of 25 percent.[21] Orthopedic surgeon Dr. Mathew Chako concluded that Mr. Cramer has a "mild disability based on symptoms and no objective findings."[22] In addition, Orthopedic Surgeon David Benatar, M.D., performed an IME on Mr. Cramer on March 13, 2012, finding right wrist sprain/strain which resolved and cervical radiculitis. He opined that the cervical radiculitis is causally related to the incidents on April 22 and August 24, 2011, but he did not give an opinion as to permanent or total disability.[23] Mr. Cramer was examined by five orthopedic surgeons, and none of them found him to be permanently and totally disabled.

The Claimant's reliance on the SSA disability determination is misplaced for at least two reasons. The SSA determination finds the following severe impairments: back disorder of the

---

18      Independent Medical Review, conducted by Paul Di Cesare, MD, FACS, dated February 24, 2020 [R.1038]; Addendum Independent Medical Review, conducted by Paul Di Cesare, MD, FACS, dated March 25, 2020. [R. 1043.]

19      Memorandum in support of Director's Appeal letter from J. Stephen Wirthlin (Attorney for Claimant), to PSOB, dated September 25, 2020, with exhibits at page 6. [R. 1063.]

20      See Doctor's Narrative Report, by Anthony Petrizzo, MD (orthopedic surgeon), State of New York-Workers' Compensation Board, dated August 3, 2012 [R. 95-97.] and Medical record of Anthony Petrizzo, MD dated August 13, 2012 [R. 699.] attached to Primary Physician's Statement of Disability, Office of the New York State Comptroller, signed by Peter Buffa, MD, dated January 31, 2013. [R. 697-700.]

21      Practitioner's Report of Independent Medical Examination, State of New York – Workers' Compensation, by Shariar Sotudeh, MD, dated July 13, 2013. [R. 707-712.]

22      Letter from Matthew Chacko, MD, to Whom it May Concern, dated October 3, 2012. [R. 701.]

23      Independent Orthopedic Examination, conducted by David Benatar, MD, dated March 13, 2012. [R. 658-660.]

cervical spine and a joint disorder of the left elbow,[24] yet the only clear injuries from the incidents in question are a right shoulder and right wrist injury.[25] As the determination indicates, the SSA's finding of "disability" is based on a less stringent standard than the PSOB requirement that the person be unable to perform *"any gainful work."*[26] The Social Security Determination finds that the "claimant has the residual capacity to perform light work . . . lifting and carrying 20 pounds occasionally and 10 pounds frequently; sitting, standing and walking six hours out of an eight-hour day; occasional handling and fingering bilaterally.[27] The Administrative Law Judge awarded Social Security Disability benefits, but his conclusion was, "Medical improvement is expected with appropriate treatment. Consequently, a continuing disability review is recommended in 12 months."[28] This suggests that even the Social Security Administration does not view Mr. Cramer's disabled condition as permanent.

Whatever the accuracy may be of the Social Security Disability assessment, the PSOB disability standard is whether the Claimant's residual functional capacity is such that he can perform *any* gainful work—*i.e.*, any "full- or part-time activity that actually is compensated or commonly is compensated"[29]—a very different standard from the one that was applied. From the finding that Mr. Cramer can perform light work, it appears that Mr. Cramer would be able to perform part-time work expressly contemplated by PSOB regulations as satisfying the PSOB's "gainful work" standard. As the legal standard used by SSA to determine disability is different from the one applicable to the PSOB Program, and there is no indication that the PSOB Program standards were applied, I find SSA's legal conclusion unpersuasive.[30]

---

[24]    Notice of Decision – Fully Favorable, Social Security Administration, p. 3, dated June 12, 2015. [R. 29.]

[25]    Independent Medical Review, conducted by Paul DiCesare, MD, FACS, dated February 24, 2020 [R. 1038.]; Addendum Independent Medical Review, conducted by Paul Di Cesare, MD, FACS, dated March 25, 2020. [R. 1043.]

[26]    28 C.F.R. § 32.23 (definition of *Total disability*) (emphasis added).

[27]    Notice of Decision - Fully Favorable, Social Security Administration, p. 3, dated June 12, 2015 at p.3 ¶5. [R. 29.]

[28]    Notice of Decision - Fully Favorable, Social Security Administration, p. 6, dated June 12, 2015. [R. 32.]

[29]    28 C.F.R. § 32.23 (definition of *Gainful work*); *see* 28 C.F.R. § 32.23 (definitions of *Residual functional capacity* and *Totally disabled*).

[30]    *Accord, e.g., Juneau* v. *Dep't of Justice*, 583 F.3d 777, 779, 780 - 781 (Fed. Cir. 2009) (upholding agency determination despite contrary line-of-duty-death rulings by State indemnification commission and State Att'y Gen.); *Groff* v. *United States*, 493 F.3d 1343, 1354 (Fed. Cir. 2007) (upholding agency determination despite contrary opinion by the State dep't of forestry and fire protection), *rev'g* 72 Fed. Cl. 68, 83 - 84 (2006), and *aff'g LaBare* v. *United States*, 72 Fed. Cl. 111, 120 (2006) (upholding agency determination despite contrary honorary recognition of claimant's decedent by U.S. Forest Service); *Amber-Messick* ex rel. *Kangas* v. *United States*, 483 F.3d 1316, 1322, 1325 (Fed. Cir. 2007) (upholding agency determination despite contrary State determination under State public safety officer benefits statute); *Yanco* v. *United States*, 258 F.3d 1356, 1360 - 1363 (upholding agency determination despite contrary State pension benefits rulings by State and local agencies), *aff'g* 45 Fed. Cl. 782, 785 - 786 (2000); *Chacon* v. *United States*, 32 Fed. Cl. 684, 686 - 687 (1995) (upholding agency determination despite contrary legal opinion by State Ass't Att'y Gen.), *aff'd*, 48 F.3d 508, 510 (Fed. Cir. 1995); *Tafoya* v. *United States*, 8 Cl. Ct. 256, 260 - 267 (1985) (upholding agency determination despite contrary workers' compensation ruling by State dep't of labor); *North* v. *United States*, 555 F. Supp. 382, 386 - 387 (Cl. Ct. 1982)

I next turn to those medical opinions that *do* apply the PSOB legal standards for disability. In the course of this appeal, the Bureau sought two independent medical opinions to assess the cause and severity of the Claimant's conditions.

Having only reviewed 28 pages on June 30, 2014, and not the voluminous record that exists today, Dr. Oetgen's opinion is of little evidentiary value. Nevertheless, he did not consider the Claimant to be totally disabled, citing several opinions noting Mr. Cramer's ability to perform light work.[31] In his opinion, Dr. Oetgen offered the following:

> There is no medical certainty that Mr. Cramer is totally disabled. While it seems certain that he suffers from cervical radiculopathy, various examiners differ on the severity and the persistence of his symptoms. Dr. Petrizzo stated that Mr. Cramer had a 100 percent impairment. Dr. Buffa agreed, stating that Mr. Cramer was unable to work at this time due to chronic pain. A physical residual functional capacity assessment, however, concluded that Mr. Cramer was capable of performing light work. Finally, after several examinations of Mr. Cramer in 2011 and 2012, Dr. Waller maintained that Mr. Cramer's condition had completely resolved.

> The condition of cervical radiculopathy, in itself, is not always totally disabling. While severe cases of cervical radiculopathy can result in total disability, various treatments allow other patients to recover or at least improve to a point where they can resume their former activities. Given such directly contradictory assessments in this case regarding the severity and persistence of his cervical radiculopathy, it is impossible to conclude that Mr. Cramer is totally disabled.[32]

Dr. Paul DiCesare, a specialist in Orthopedic Surgery reviewed Mr. Cramer's records twice for PSOB and provided his first report and his subsequent report with an addendum.[33] As a result of the April 22 and August 24, 2011 injuries, Dr. DiCesare found that the right wrist and right shoulder injuries had all resolved.[34] He noted that Mr. Cramer was "[e]valuated by an orthopedic surgeon on 12/1/2011 and 4/26/2012 who found a diagnosis of a cervical

---

(upholding agency determination despite contrary workers' compensation ruling by State workmen's compensation board); *Brister* v. *United States*, No. 01-180C, slip op. at 5 (Fed. Cl., Mar. 27, 2002) (upholding agency determination despite contrary ruling by State Worker's Compensation Court); *Ramos-Vélez* v. *United States*, No. 93-588-C, slip op. at 6 - 7 (Fed. Cl., Jan. 31, 1995) (upholding agency determination despite contrary ruling by local court of appeals).

[31]    IME, conducted by William Oetgen, MD, dated June 30, 2014 at page 6. [R. 109.]

[32]    *Id.*

[33]    Independent Medical Review, conducted by Paul DiCesare, MD, FACS, dated February 24, 2020 [R. 1038.]; Addendum Independent Medical Review, conducted by Paul Di Cesare, MD, FACS, dated March 25, 2020. [R. 1043.]

[34]    Addendum Independent Medical Review, conducted by Paul Di Cesare, MD, FACS, dated March 25, 2020 at p.2 [R. 1043.]

sprain/strain, right shoulder sprain/strain, right elbow contusion, and right wrist/hand sprain/strain, all of which resolved." Dr. DiCesare did not find Mr. Cramer's neck injury including cervical radiculopathy and disc herniations as shown on the MRI related to the two 2011 claimed injuries.[35]

 DiCesare wrote that Mr. Cramer "is able to perform any gainful work, such as working two hours per week in a position that is primarily performed while sitting, involves only occasional walking or standing, lifting no more than 10 pounds at a time, and occasionally lifting or carrying articles like files and small tools, and is generally performed independently and without special supervision. There is no long-term disability or deterioration from the condition."[36]

 The only physician to conclude that the Claimant was unable to perform any work was Dr. Buffa. This summary conclusion, however, is not supported by any detailed discussion of causation, and certainly not the "direct and proximate" causation specified by the PSOB Act— *i.e.*, whether the Claimant's cervical radiculopathy is "the direct and proximate result" of Mr. Cramer's participation in the "quick draw" test and/or Mr. Cramer's Sergeant allegedly hitting him in the right arm in 2011.[37]

 In any event, I find Dr. DiCesare's assessment of Claimant's disability to be amply supported by the evidentiary record, including references to more recent treatment such as the EMGs on May 14, 2011 and April 24, 2012, and the MRIs on December 20, 2011 and April 14, 2012.[38] Further, Dr. DiCesare correctly applied the appropriate PSOB standards. In addition, Dr. DiCesare provided his opinion based on a review of the complete record in this matter. In sum, I find his opinion that the evidence does not demonstrate that the Claimant is totally disabled to be both reliable and persuasive.

 After reviewing all of the evidence in the record, I am unpersuaded that the Claimant has "demonstrated by convincing evidence"[39] "that his residual functional capacity is such that he cannot perform any gainful work."[40] Therefore, I am unable to conclude that he has established

---

[35] *Id.* [R. 1045.]

[36] *Id.* [R. 1045.]

[37] Medical Notes from William S. Berman, M.D, dated April 21, 2014. In an October letter to CBP, Dr. Lawler, a pain management physician, suggested that "At this point, it appears to be mostly a condition of chronic pain in her neck and low back exacerbated by her recent injuries." Physician Statement, by Gregory Lawler, D.O., dated October 19, 2011.

[38] Addendum Independent Medical Review, conducted by Paul Di Cesare, MD, FACS, dated March 25, 2020. [R. 1043.]

[39] 28 C.F.R. § 32.23 (definition of *Medical certainty*).

[40] 28 C.F.R. § 32.23 (definition of *Totally disabled*).

that he is "totally disabled" within the meaning of 34 U.S.C. § 10281(b) and its implementing regulations.[41]

*Substantial Weight*

By law, BJA must give substantial weight to "evidence and all findings of fact presented by a State, Local, or Federal administrative or investigative agency regarding eligibility for death or disability benefits."[42] The record shows that the Claimant received disability retirement from the UCS and disability benefits from SSA.

Although the UCS found the Claimant to be disabled for the position of Court System Officer due to unspecified conditions resulting from accidents on April 10, 2007, and April 22 and August 24, 2011,[43] there is nothing that indicates the legal basis or any findings of fact relied upon by UCS in reaching its decision. In the absence of evidence or findings of facts made by a State, local, or Federal administrative or investigative agency described in the PSOB Act, there is nothing to which the Bureau may afford substantial weight. Accordingly, this provision is inapplicable as to the Claimant's award of benefits.

The award of SSA disability benefits appears to have been based upon impairments including "back disorder of the cervical spine; [and a] joint disorder of the left elbow."[44] As required by law, I give substantial weight to SSA's findings that the impairments listed were disabling for purposes of SSA disability on the date of the SSA decision. I also afford substantial weight to SSA's finding that the Claimant had the residual functional capacity to perform light work (with limitations as described in the determination including lifting and carrying 20 pounds occasionally and 10 pounds frequently; sitting, standing and walking six hours out of an eight-hour day; occasional handling and fingering bilaterally).[45]

SSA's 2012 decision, however, that the Claimant got extra consideration for factors such as having 1) no past relevant work; 2) no transferability of skills within the residual functional capacity above; 3) a high school diploma; and 4) for closely approaching advanced age on the

---

[41]    In view of this, it is unnecessary for me here to determine if the Claimant has established that he is "permanently disabled" (34 U.S.C. § 10281(b))—*i.e.*, if the Claimant has "demonstrated by convincing evidence" that her "disabled condition— (1) Will progressively deteriorate or remain constant, over his expected lifetime; or (2) Otherwise has reached maximum medical improvement." 28 C.F.R. § 32.23 (definitions of *Medical certainty* and *Permanently disabled*). Suffice it at this point to note that the medical evidence in this claim is inconsistent as to the issue of permanent disability.

[42]    34 U.S.C. § 10285(b)(2).

[43]    Letter from Kathleen Nowak, Director-Disability Services, Office of the New York Comptroller, to John Cramer, dated September 20, 2013. [R.13]

[44]    Notice of Decision - Fully Favorable, Social Security Administration, p. 3, dated June 12, 2015. [R. 29.]

[45]    *Id.*

established disability onset date."[46] This decision is a medico-legal conclusion by SSA, which necessarily relies on SSA's legal standards governing eligibility for disability benefits. As these are legal conclusions, rather than "findings of fact," and as they are based upon a different legal framework from that of the PSOB Act and its implementing regulations—*e.g.*, permitting disability to be established by reference to "substantial gainful activity"[47] (rather than by reference to "any gainful work")[48] and to be established without evidence that the disability was "the direct and proximate result of a personal injury sustained in the line of duty"[49]—they are not "findings of fact" to which the Bureau is required to accord substantial weight.[50]

### Conclusion

Based on the evidence of record and applying the standards of the PSOB Act, I am unable to conclude that the Claimant is "totally disabled" within the meaning of the PSOB Act and its implementing regulations. I defer to the hearing officer's factual findings and agree with his legal conclusions. Accordingly, as the evidence does not establish that the Claimant is permanently and totally disabled as the direct and proximate result of a line-of-duty injury, for the reasons set forth above and discussed in detail in the attached Appendix, this claim for PSOB Act benefits **is denied**.

TAMMIE GREGG  Digitally signed by TAMMIE GREGG  Date: 2025.12.22 17:38:38 -05'00'

Tammie Gregg                                                                          Date
Acting Director

---

[46]    *Id.*

[47]    *See* 42 U.S.C. § 423(d)(4)(A) ("The Commissioner of Social Security shall by regulations prescribe the criteria for determining when services performed or earnings derived from services demonstrate an individual's ability to engage in substantial gainful activity."); 20 C.F.R. § 404.1505.

[48]    34 U.S.C. § 10284(1) ("'catastrophic injury' means an injury, the direct and proximate consequences of which permanently prevent an individual from performing any gainful work").

[49]    34 U.S.C. § 10281(b).

[50]    *See, e.g., Demutiis* v. *United States*, 291 F.3d 1373, 1379-1380 (Fed. Cir. 2002) (a legal requirement that the Bureau, in PSOB determinations, give substantial weight to the evidence and findings of fact presented by administrative and investigative agencies does not apply "to their legal conclusions. Although the Bureau could give the [local agency]'s legal conclusion whatever weight, if any, it deemed appropriate, it was not required to give it any weight."); *Yanco* v. *United States*, 258 F.3d 1356, 1360-1363 (Fed. Cir. 2001) (upholding agency PSOB determination despite contrary State pension benefits rulings by State and local agencies).

## Appeal Rights

Relief from this determination may be sought *via* appeal to the United States Court of Appeals for the Federal Circuit, pursuant to 34 U.S.C. § 10287. Such appeal must be filed "not later than 90 days after the date of which the Bureau [of Justice Assistance] serves notice" of this determination on the claimant. *Id.* Notice of this determination is served by the PSOB Office on the day that it is "(1) [m]ailed, by U.S. mail, addressed to the individual (or his representative) at his (or his representative's) last address known to [the PSOB Office]; (2) [d]elivered to a courier or other delivery service, addressed to the individual (or his representative) at his (or his representative's) last address known to [the PSOB Office]; or (3) [s]ent by electronic means such as tele facsimile or electronic mail, addressed to the individual (or his representative) at his (or his representative's) last address known to [the PSOB Office.]" 28 C.F.R. § 32.2(c).

## Fees for Representation

If a representative (such as an attorney) has provided any services in connection with this claim, the representative must obtain authorization pursuant to 28 C.F.R. § 32.7 before seeking any compensation whatsoever for such services from the claimant. *See* 34 U.S.C. § 10285(a).

**EVIDENCE LOG for
John Cramer (2013-DIS-047)**

The above determination is based upon the BJA Director's review of the record before the agency, which includes the following:

**A. Evidence, correspondence, and other information associated with the record that was before the PSOB Office:**

001    Report of Public Safety Officer's Permanent and Total Disability, submitted by John Cramer, dated April 1, 2013;

003    Letter from John Cramer, to Ogechi Anyanwu, PSOB Outreach Specialist, dated February 20, 2014;

009    Report of Public Safety Officer's Permanent and Total Disability, submitted by John Cramer, dated January 25, 2014;

011    Statement from John Cramer, dated February 26, 2014;

012    Letter from John Cramer, to Ogechi Anyanwu, PSOB Outreach Specialist, dated October 13, 2013;

013    Letter from Kathleen Nowak, Director-Disability Services, Office of the New York Comptroller, to John Cramer, dated September 20, 2013;

014    Letter from Teresa Shumway, Assistant Director-Disability Services, Office of the New York State Comptroller, to John Cramer, dated October 13, 2013, with the following:

  015    Notice of Decision from State of New York-Workers' Compensation Board, dated June 17, 2013;

017    Request for Additional Leave Benefits from Gregory Salerno, Deputy Director for Court Officer Staffing and Security Services, to John Cramer, dated June 3, 2013;

018    Letter from Neil Manning, Director of Benefit Calculations and Disbursement Services, Office of the New York State Comptroller, to John Cramer, dated November 25, 2013;

020    Letter from Sean Beaton, Esq., Fusco, Brandenstein and Rada, to John Cramer, dated June 17, 2013;

021    Letter from Kimberly Zeto, Employee's Retirement System Examiner V, Member and Employer Services Bureau, to John Cramer, dated March 11, 2013;

022    Letter from Office of the New York State Comptroller, to John Cramer, dated August 14, 2012;

  023    Statement of Facts Pertaining to U.C.O. Disability Pension authored by John Cramer, dated January 4, 2013;

026    Notice of Decision, from State of New York Workers' Compensation Board, (in regards to John Cramer) Filing this Decision: August 8, 2012;

028    Notice of Decision -Fully Favorable from Bruce MacDougall, Administrative Law Judge, Social Security Administration, to John Cramer, dated November 15, 2012;

033    Letter from John Cramer, to Ogechi Anyanwu, PSOB Outreach Specialist, dated December 17, 2013;

039    Application for Waiver of Premium, Employee Benefits Division, State of New York Department of Civil Service, dated June 5, 2013;

040    Aided Reports, State of New York Unified Court System, submitted by Karen Morro, Lieutenant, dated April 25, 2011 and June 25, 2011;

043    Workplace Violence Prevention Policy, State of New York Unified Court System;

    044    Letter from Joseph Kuceluk, Investigator, New York State Unified Court System, to John Cramer, dated October 20, 2011;

045    2012 US Federal and State of New York Taxes for John and Jean Cramer;

058    2011 US Federal and State of New York Taxes for John and Jean Cramer;

092    Letter from Peter Buffa, MD, to Whom it May Concern, dated June 4, 2013;

093    Primary Physician's Statement of Disability Form, signed by Peter Buffa, MD, dated January 31, 2013;

095    Doctor's Narrative Report, by Anthony Petrizzo, MD (orthopedic surgeon), State of New York-Workers' Compensation Board, dated August 3, 2012;

098    Certification of Health Care Provider for Employee's Serious Health Condition Form, signed by Peter Buffa, MD, December 20, 2012;

102    Medical record by Vandana Soni, MD, dated March 20, 2013;

104    IME, conducted by William Oetgen, MD, dated June 30, 2014;

112    PSOB Determination dated October 26, 2016;

    117    Notification of PSOB Office Determination, from Hope Janke, PSOB Director, to John Cramer, dated November 08, 2016;

118    Notification of PSOB Office Determination, from Hope Janke, PSOB Determination, to Janet DiFiore, Chief Judge, New York State Unified Court System, dated November 08, 2016;

**B. Evidence, correspondence, and other information associated with the record that was before the Hearing Officer (includes items in A. above):**

119    Request for Hearing Officer Appeal, from John Cramer, to Hope Janke, PSOB Director, dated November 16, 2016;

122    Email between Orlando Vasquez, PSOB Paralegal and John Cramer, dated January 10, 2017, with the following:

    123    Acknowledgment/Assignment for HOA Appeal, from Hope Janke, PSOB Director to John Cramer, dated January 10, 2017;

124    Attorney Representation Email between J. Steve Wirthlin (Attorney for Claimant) and Orlando Vasquez, PSOB Paralegal, dated January 11, 2017;

125    Email Communication between J. Steve Wirthlin (Attorney for Claimant), Orlando Vasquez, PSOB Paralegal, and Glen Valle, PSOB Hearing Officer, dated April 10, 2017, with the following:

    126    Proposed Order from Stephen Wirthlin (Attorney for Claimant), undated with the following:

        130    Exhibit 1: Letter from J. Stephen Wirthlin (Attorney for Claimant), to Peter Buffa, MD, undated;

        133    Exhibit 2: Letter from Peter Buffa, MD, to Whom it May Concern, dated December 16, 2016;

135    Exhibit 3: EMG/CMG Report, conducted by Vandana Soni, MD, dated December 5, 2016;

143    Exhibit 4: Notice of Decision -Fully Favorable from Bruce MacDougall,    Administrative Law Judge, Social Security Administration, to John Cramer, dated November 15, 2012;

149    Hearing Officer Transcript, dated April 25, 2017;

354    Memorandum from Joseph Kuceluk, to Sherrill Spatz, dated March 27, 2012

359    Withdrawal Email Communication between Glenn Valle, PSBO Hearing Officer, John Cramer, dated May 31- June 3, 2017;

363    Email Communication between Glenn Valle, PSOB Hearing Officer and John Cramer, dated June 7, 2017 through June 9, 2017;

365    Letter from Hope Janke, PSOB Director, to J. Stephen Wirthlin, (Attorney for Claimant), dated July 7, 2017;

366    Email Communication between Glenn Valle, PSOB Hearing Officer, J. Stephen Wirthlin, (Attorney for Claimant), dated November 10, 2017, with the following:

367    Acknowledgment of Request for HOA Appeal, from Hope Janke, PSOB Director to John Cramer, dated January 10, 2017;

368    Letter from John Cramer, to PSOB Office, dated December 9, 2017, with the following:

369    Claimants PSOB Exhibit List, from John Cramer, dated December 9, 2017:

387    CL.EX. A-1: Agreement between the State of New York Unified Court System and Suffolk Court Employees Association, Inc., 2007-2011.

421    CL.EX. A-2: Email between Sandra Gaskin and John Cramer, dated March 7, 2013, with the following:

424    Time and Leave Records, dated August 24, 2011 through March 7, 2013;

439    CL.EX. A-3: Letter from Shawn Kerby, Assistant Deputy Counsel, State of New York Unified Court System, to John Cramer, dated July 23, 2014, with the following;

441    Sick Leave Request for Calendar Year 2011-2014;

445    Annual Leave for August 1, 2011 through June 23, 2014;

463    CL.EX. A-4: Request for Additional Leave Benefits from Gregory Salerno, New  York State Unified Court System, to John Cramer, dated June 3, 2013;

464    CL. EX A-5: Laws of New York, Workers' Compensation 137- 1-11;

467    CL.EX. A-6: Laws of New York, Penal;

468    CL. EX B: New York State Unified Court System Employee Handbook;

471    CL.EX.C-1: Worker's Compensation Leave from Rosemary DeRusso, New York State Unified Court System, to John Cramer, dated September 6, 2011;

472    CL.EX. C-2: Letter from James Welch, New York State Unified Court System, to John Cramer, dated September 20, 2011;

473     "Benefits Denied to Injured Officer Who Drove Judges," written
        by Joel Stashenko, undated;

474     CL.EX C-3: Letter from Chief Thomas Honey, State of New York
        Unified Court System, to John Cramer, dated October 6, 2011;

475     CL.EX C-4: Letter from Chief Thomas Honey, State of New York
        Unified Court System, to John Cramer, dated November 15, 2011;

476     CL.EX C-5: Second Appeal Letter for Denial of "Line of Duty",
        from John Cramer, to New York State Court System, dated
        December 16, 2011, with the following: no attachment included

480     CL. EX. C-6: Letter from Chief Thomas Honey, State of New
        York Unified Court System, to John Cramer, dated December 23,
        2011;

481     CL.EX C-7: Workers' Compensation Leave Determination Letter,
        from Rosemary DeRusso, State of New York Unified Court
        System, to John Cramer, dated January 4, 2012;

482     CL. EX. C-8: Letter from Chief Thomas Honey, State of New
        York Unified Court System, to John Cramer, dated January 30,
        2012;

483     CL.EX C-9: Workers' Compensation Leave Determination Letter
        from Rosemary DeRusso, State of New York Unified Court
        System, to John Cramer, dated February 28, 2012;

484     CL.EX C-10: Workers' Compensation Leave Determination Letter
        from Rosemary DeRusso, State of New York Unified Court
        System, to John Cramer, dated March 27, 2012;

485     CL. EX. C-11: Letter from Chief Thomas Honey, State of New
        York Unified Court System, to John Cramer, dated April 10, 2012;

486     CL.EX C-12: Workers' Compensation Leave Determination Letter
        from Rosemary DeRusso, State of New York Unified Court
        System, to John Cramer, dated May 7, 2012;

487     CL.EX. C-13: Letter from State of New York Unified Court
        System, to John Cramer, dated May 18, 2012;

488     CL.EX. C-14: Letter from Chief Thomas Honey, State of New
        York Unified Court System, to John Cramer, dated June 13, 2012;

489     CL.EX. C-15: Letter from Chief Thomas Honey, State of New
        York Unified Court System, to John Cramer, dated September 20,
        2012;

490     CL.EX. C-16: Letter from Chief Thomas Honey, Unified Court
        System, to John Cramer, dated December 4, 2012;

491     CL.EX. C-17: Letter from Chief Thomas Honey, State of New
        York Unified Court System, to John Cramer, dated January 9,
        2013;

492     CL.EX. C-18: Request for Sick Leave Credits-UCS/SCCEA Sick
        Leave Bank Letter from Frances Oneto, Designee of the Deputy
        Director for Labor Relation, State of New York Unified Court
        System, to John Cramer, dated January 24, 2013;

493     CL.EX. C-19: Request for Sick Leave Credits-UCS/SCCEA Sick
        Leave Bank Letter from Frances Oneto, Designee of the Deputy
        Director for Labor Relation, Unified Court System, to John
        Cramer, dated March 7, 2013;

494     CL.EX. C-20: Letter from James Welch, State of New York
        Unified Court System, to John Cramer, dated March 7, 2013;

496     Re-submittal of Workplace Violence Prevention Policy, State of
        New York Unified Court System (listed at 43);

497     CL.EX. C-21: Letter from Chief Thomas Honey, State of New
        York Unified Court System, to John Cramer, dated March 13,
        2013;

498     Payroll Bulletin, Office of the State Comptroller, dated March 28,
        2013;

508     CL.EX. C-22: Letter from Joseph Kuceluk, Investigator, State of
        New York Unified Court System, to John Cramer, dated October
        20, 2011;

509     CL.EX. C-23: Letter from John Cramer, to Joseph Kuceluk,
        Investigator, State of New York Unified Court System, dated
        August 10, 2013;

514     CL.EX. C-24: Letter from Joseph Kuceluk, Investigator, Unified
        Court System, to John Cramer, dated August 27, 2013;

515     CL.EX. C-25: Notice of Hearing, Workers' Compensation Board,
        State of New York, to John Cramer, dated June 11, 2014;

517     CL.EX. C-25-A: Notice of Hearing, Workers' Compensation
        Board, State of New York, to John Cramer, dated August 7, 2014;

518     CL.EX. C-25-B: Notice of Hearing, Workers' Compensation
        Board, State of New York, to John Cramer, dated September 10,
        2014;

519     CL.EX. C-26: Memorandum from Lawrence Mark, First Deputy
        Chief Administrative Judge, to All Non Judicial Employee of the
        Unified Court System, dated November 20, 2014;

520     CL.EX. C-27: Letter from Rosemary DeRusso, State of New York
        Unified Court System, to Eva Davis, NYS Insurance Fund, dated
        April 5, 2013;

521     CL.EX. C-28: Appeal Letter for Denial of "Line of Duty" Letter
        from John Cramer, to New York State Court System, dated April
        5, 2013;

523     CL.EX. C-29: Fax Log for John Cramer, sent March 21, 2014;

524     CL.EX. C-29: Appeal Letter for Denial of "Line of Duty" from
        John Cramer to Gregory Salerno, New York State Court System,
        dated March 12, 2014;

527     CL.EX. C-30: Email Communication between John Cramer and
        Chief Judge Johnathan Lippman, New York State Court System,
        dated March 13, 2014;

529     CL.EX. 31: Letter from Employee Division, New York State
        Department of Civil Service, to John Cramer, dated April 3, 2014;

530    CL.EX. 32: Lifetime Sick Leave Credit;

532    CL.EX.33: Letter from Lisa Daek, Judiciary Benefits Representative, New York State Unified Court System, to NYS Department of Civil Service, dated August 22, 2014;

533    CL.EX.34: Letter from Gregory Salerno, New York State Unified Court System, to Anthony Russo, Case Manager, New York State Insurance Fund, dated October 1, 2014; no attachment included

534    CL.EX.35: Email Communication between John Cramer and Chief Jewel Williams, dated October 29, 2013;

535    CL.EX.36: Photo ID card of Retired John Cramer, Court Officer Public Safety;

536    CL.EX. 37: Court Officers, Rules and Procedures Manual, signed by John Cramer, December 15, 2003;

542    CL.EX. 38: Envelope from Steve Ender, D.O., to John Cramer;

543    Hand Written Note from "Joy", to "John", dated December 1, 2017;

544    Medical Report from Steven Ender, DO, dated May 3, 2011 through February 21, 2012;

556    Electromyography Report, conducted by Steven Ender, D.O., dated May 14, 2011;

558    CL.EX. C-39: Letter from Glenn Valle, PSOB Hearing Officer, to J. Stephen Wirthlin (Attorney for Claimant), dated November 10, 2017;

559    eHealth Printout with Alan Millman, MD address, undated;

560    Return Envelope and Certified Mail Receipt;

565    CL.EX. 40: Invoice for Stenographic Services, Kimberly Luongo, c/o NYS Workers' Compensation Board, dated December 8, 2011;

566    NYS Workers' Compensation Board Transcript of Hearing on December 8, 2011;

600    Letter from Joseph Kuceluk, to Sherrill Spatz, dated March 27, 2012;

605    Letter from J. Stephen Wirthlin (Attorney for Claimant), to Glenn Valle, PSOB Hearing Officer, dated October 19, 2017;

607    Page 168 from Hearing Officer Transcript;

608    Re-Submittal of Proposed Order from Stephen Wirthlin (Attorney for Claimant), undated with the following (listed at 126):

612    Exhibit 1: Re-submittal of Letter from Stephen Wirthlin (Attorney for Claimant), to Peter Buffa, MD, undated (listed at 130);

615    Exhibit 2: Re-submittal of Letter from Peter Buffa, MD, to Whom it May Concern, dated December 16, 2016 (listed at 133);

617    Exhibit 3: Re-submittal of EMG/CMG Report, conducted by Vandana Soni, MD, dated December 5, 2016 (listed at 135);

625    Exhibit 4: Re-Submittal of Notice of Decision -Fully Favorable from Bruce MacDougall, Administrative Law Judge, Social Security Administration, to John Cramer, dated November 15, 2012 (listed at 143);

631   Letter from State of New York Workers' Compensation Board, to John Cramer, dated November 18, 1997;

632   Medical Report from Good Samaritan Hospital, dated April 10, 2007;

635   Notice of Decision, from State of New York Workers' Compensation Board, (in regards to John Cramer), filing this Decision: December 13, 2011, February 28, 2012 and August 8, 2012;

639   Memorandum of Board Panel Decision, from Administrative Review Division, Workers' Compensation Board, (in regards to John Cramer), dated of Filing of this Decision April 3, 2013;

644   Claim for Reimbursement of Wages Paid to State Employee, from The State Insurance Fund, dated April 9, 2013;

645   Notice of Decision, from State of New York Workers' Compensation Board, (in regards to John Cramer), dated of this Decision February 7, 2014 through September 12, 2016;

652   Procedure Note from Alan Millburg, MD, undated;

656   Physician's Order Sheet/PA Instruction, dated June 6, 2012;

658   Independent Orthopedic Examination, conducted by David Benatar, MD, dated March 13, 2012;

661   Medical Report from Alan Millman, MD to Carlos Montero, MD, dated May 8, 2012;

666   Doctor's Progress Report form, State of New York Workers' Compensation Board, dated July 2, 2012;

669   Discharge Summary, from ProHealth Care Associates, dated July 18, 2012;

674   Doctor's Progress Report, from State of New York Workers' Compensation Board, dated June 28, 2012;

677   Certification of Health Care Provider for Employee's Serious Health Condition Form, signed by Peter Buffa, MD, July 12, 2012 through February 21, 2013;

697   Primary Physician's Statement of Disability, Office of the New York State Comptroller, signed by Peter Buffa, MD, dated January 31, 2013;

701   Letter from Matthew Chacko, MD, to Whom it May Concern, dated October 3, 2012;

704   Medical Questionnaire, from Unified Court System signed by Peter Buffa, MD, dated February 26, 2013;

706   Letter from Peter Buffa, MD, to Whom it May Concern, dated June 4, 2013;

707   Practitioner's Report of Independent Medical Examination, State of New York – Workers' Compensation, by Shariar Sotudeh, MD, dated July 13, 2013;

708   Letter from Shariar Sotudeh, MD, to Coventry Health Care, dated July 12, 2013;

714   Doctor's Report of MMI/Permanent Impairment Form, State of New York-Workers' Compensation Board, signed by Peter Buffa, MD, dated August 19, 2013;

717   Letter from Teresa Shumway, Assistant Director-Disability Services, to John Cramer, dated October 3, 2013;

720   Magnetic Resonance Imaging of the Cervical Spine, Stan-Up MRI of Wantagh, dated December 6, 2016;

722   Letter from John Cramer, to Glenn Valle, PSOB Hearing Officer, dated December 13, 2017;

729   Re-submittal of Claimants PSOB Exhibit List, from John Cramer, dated
      December 9, 2017, with the following (listed at 369):

    747   CL.EX. A-1: Re-submittal of Agreement between the State of New York
      Unified Court System and Suffolk Court Employees Association, Inc.,
      2007-2011 (listed at 387);

    781   CL.EX. A-2: Re-submittal of Email between Sandra Gaskin and John
      Cramer, dated March 7, 2013, with the following (listed at 421):

        784   Re-submittal of Time and Leave Records, dated August 24, 2011
      through March 7, 2013 (listed at 424);

    799   CL.EX.A-3: Re-submittal of Letter from Shawn Kerby, Assistant Deputy
      Counsel, State of New York Unified Court System, to John Cramer, dated
      July 23, 2014, with the following; (listed at 439);

        801   Re-submittal of Sick Leave Request for Calendar Year 2011-2014
      (listed at 441);

        805   Re-submittal of Annual Leave for August 1, 2011 through June 23,
      2014 (listed at 445);

    823   CL.EX. A-4: Re-submittal of Request for Additional Leave Benefits from
      Gregory Salerno, New York Unified Court System, to John Cramer, dated
      June 3, 2013 (listed at 463);

    824   CL. EX A-5: Re-submittal of Laws, State of New York Workers'
      Compensation (listed at 464);

    827   CL.EX. A-6: Re-submittal of Laws, State of New York Penal (listed at
      467);

    828   CL. EX B: Re-submittal of New York State Unified Court System
      Employee Handbook (listed at 468);

    831   CL.EX.C-1: Re-submittal of Worker's Compensation Leave from
      Rosemary DeRusso, New York State Unified Court System, to John
      Cramer, dated September 6, 2011 (listed at 471);

    832   CL.EX. C-2: Re-submittal of Letter from James Welch, New York State
      Unified Court System, to John Cramer, dated September 20, 2011 (listed
      at 472);

    833   Re-submittal of "Benefits Denied to Injured Officer Who Drove Judges,"
      written by Joel Stashenko, undated (listed at 473);

    834   CL.EX C-3: Re-submittal of Letter from Chief Thomas Honey, State of
      New York Unified Court System, to John Cramer, dated October 6, 2011
      (listed at 474);

    835   CL.EX C-4: Letter from Chief Thomas Honey, State of New York Unified
      Court System, to John Cramer, dated November 15, 2011 (listed at 475);

    836   CL.EX. C-5: Re-submittal of Second Appeal Letter for Denial of "Line of
      Duty", from John Cramer, to New York State Court System, dated
      December 16, 2011, with the following (listed at 476): (no attachment
      included)

    840   CL. EX. C-6: Re-submittal of Letter from Chief Thomas Honey, State of
      New York Unified Court System, to John Cramer, dated December 23,
      2011 (listed at 480);

841    CL.EX C-7: Re-submittal of Workers' Compensation Leave Determination Letter, from Rosemary DeRusso, State of New York Unified Court System, to John Cramer, dated January 4, 2012 (listed at 481);

842    CL. EX. C-8: Re-submittal of Letter from Chief Thomas Honey, State of New York Unified Court System, to John Cramer, dated January 30, 2012 (listed at 482);

843    CL.EX C-9: Workers' Compensation Leave Determination Letter, from Rosemary DeRusso, State of New York Unified Court System, to John Cramer, dated February 28, 2012 (listed at 483);

844    CL.EX C-10: Workers' Compensation Leave Determination Letter, from Rosemary DeRusso, State of New York Unified Court System, to John Cramer, dated M arch 27, 2012 (listed at 484);

845    CL. EX. C-11: Re-submittal of Letter from Chief Thomas Honey, State of New York Unified Court System, to John Cramer, dated April 10, 2012 (listed at 485);

846    CL.EX C-12: Re-submittal of Workers' Compensation Leave Determination Letter from Rosemary DeRusso, State of New York Unified Court System, to John Cramer, dated May 7, 2012, 2012 (listed at 486);

847    CL.EX. C-13: Letter from State of New York Unified Court System, to John Cramer, dated May 18, 2012 (listed at 487);

848    CL.EX. C-14: Letter from Chief Thomas Honey, State of New York Unified Court System, to John Cramer, dated June 13, 2012 (listed at 488);

849    CL.EX. C-15: Letter from Chief Thomas Honey, State of New York Unified Court System, to John Cramer, dated September 20, 2012 (listed at 489);

850    CL.EX. C-16: Letter from Chief Thomas Honey, State of New York Unified Court System, to John Cramer, dated December 4, 2012 (listed at 490);

851    CL.EX. C-17: Letter from Chief Thomas Honey, State of New York Unified Court System, to John Cramer, dated January 9, 2013 (listed at 491);

852    CL.EX. C-18: Request for Sick Leave Credits-UCS/SCCEA Sick Leave Bank Letter from Frances Oneto, Designee of the Deputy Director for Labor Relation, Unified Court System, to John Cramer, dated January 24, 2013 (listed at 492);

853    CL.EX. C-19: Request for Sick Leave Credits-UCS/SCCEA Sick Leave Bank Letter from Frances Oneto, Designee of the Deputy Director for Labor Relation, State of New York Unified Court System, to John Cramer, dated March 7, 2013 (listed at 493);

854    CL.EX. C-20: Letter from James Welch, State of New York Unified Court System, to John Cramer, dated March 7, 2013 (listed at 494);

856    Re-submittal of Workplace Violence Prevention Policy, State of New York Unified Court System (listed 43);

857    CL.EX. C-21: Re-submittal of Letter from Chief Thomas Honey, State of New York Unified Court System, to John Cramer, dated March 13, 2013 (listed at 497);

858    Re-submittal of Payroll Bulletin, Office of the State Comptroller, dated March 28, 2013 (listed at 498);

868    CL.EX. C-22: Re-submittal of Letter from Joseph Kuceluk, Investigator, S State of New York Unified Court System, to John Cramer, dated October 20, 2011 (listed at 508);

869    CL.EX. C-23: Re-submittal of Letter from John Cramer, to Joseph Kuceluk, Investigator, State of New York Unified Court System, dated August 10, 2013 (listed at 509);

874    CL.EX. C-24: Re-submittal of Letter from Joseph Kuceluk, Investigator, State of New York Unified Court System, to John Cramer, dated August 27, 2013 (listed at 514);

875    CL.EX. C-25: Re-submittal of Notice of Hearing, Workers' Compensation Board, State of New York, to John Cramer, dated June 11, 2014 (listed at 515);

877    CL.EX. C-25-A: Re-submittal of Notice of Hearing, Workers' Compensation Board, State of New York, to John Cramer, dated August 7, 2014 (listed at 517);

878    CL.EX. C-25-B: Re-submittal of Notice of Hearing, Workers' Compensation Board, State of New York, to John Cramer, dated September 10, 2014 (listed at 518);

879    CL.EX. C-26: Re-submittal of Memorandum from Lawrence Mark, First Deputy Chief Administrative Judge, to All Non Judicial Employee of the Unified Court System, dated November 20, 2014 (listed at 519);

880    CL.EX. C-27: Re-submittal of Letter from Rosemary DeRusso, State of New York Unified Court System, to Eva Davis, NYS Insurance Fund, dated April 5, 2013 (listed at 520);

881    CL.EX. C-28: Re-submittal of Appeal Letter for Denial of "Line of Duty" Letter from John Cramer, to New York State Court System, dated April 5, 2013 (listed at 521);

883    CL.EX. C-29: Re-submittal of Fax Log for John Cramer, sent March 21, 2014 (listed at 523);

884    CL.EX. C-29: Re-submittal of Appeal Letter for Denial of "Line of Duty" from John Cramer to Gregory Salerno, New York State Court System, dated March 12, 2014 (listed at 524);

887    CL.EX. C-30: Re-submittal of Email Communication between John Cramer and Chief Judge Johnathan Lippman, New York State Court System, dated March 13, 2014 (listed at 527);

889    CL.EX. 31: Re-submittal of Letter from Employee Division, New York State Department of Civil Service, to John Cramer, dated April 3, 2014 (listed at 529);

890    CL.EX. 32: Re-submittal of Lifetime Sick Leave Credit (listed at 530);

892    CL.EX.33 Re-submittal of Letter from Lisa Daek, Judiciary Benefits Representative, New York State Unified Court System, to NYS Department of Civil Service, dated August 22, 2014 (listed at 532);

893    CL.EX.34: Re-submittal of Letter from Gregory Salerno, New York State Unified Court System, to Anthony Russo, Case Manager, New York State Insurance Fund, dated October 1, 2014 (listed at 533); (no attachment included)

894    CL.EX.35: Re-submittal of Email Communication between John Cramer and Chief Jewel Williams, dated October 29, 2013 (listed at 534);

895    CL.EX.36: Re-submittal of Photo ID card of Retired John Cramer, Court Officer Public Safety (listed at 535);

896    CL.EX. 37: Re-submittal of Court Officers, Rules and Procedures Manual, signed by John Cramer, December 15, 2003 (listed at 536);

902    CL.EX. 38: Re-submittal of Envelope from Steve Ender D.O. to John Cramer (listed at 542);

903    CL.EX. C-39: Re-submittal of Letter from Glen Valle, PSOB Hearing Officer, to J. Stephen Withlin (Attorney for Claimant), dated November 10, 2017 (listed at 558);

904    Re-submittal of eHealth Printout with Alan Millman, MD address, undated (listed at 559);

905    Re-submittal of Return Envelope and Certified Mail Receipt (listed at 560);

910    Re-submittal of Hand Written Note from "Joy", to "John", dated December 1, 2017 (listed at 543);

911    Re-submittal of Medical Documentation from Steven Ender, dated May 3, 2011 through March 27, 2012 (listed at 544);

925    Re-submittal of Electromyography Report, conducted by Steven Ender, D.O., dated May 14, 2011(listed at 556);

927    Letter from John Cramer, to Vandana Soni, MD, dated November 12, 2017;

928    Re-submittal of Letter from Glenn Valle, PSOB Hearing Officer to J. Stephen Wirthlin (Attorney for Claimant), dated November 10, 2017 (listed at 558);

929    Medical Documentation from Vandana Soni, MD, dated December 12, 2016 through December 5, 2016;

950    Letter from John Cramer, to Peter Buffa, MD, dated November 26, 2017, with the following;

951    Re-submittal of Letter from Glenn Valle, PSOB Hearing Officer, to J. Stephen Wirthlin (Attorney for Claimant), dated November 10, 2017 (listed at 558);

952    Progress Notes from Peter Buffa, MD, dated January 29, 2003 through April 13, 2011;

1018    Hearing Officer Determination, undated;

1027    Notification of Hearing Officer Appeal from Hope Janke, PSOB Director, to J. Stephen Wirthlin (Attorney for Claimant), dated May 08, 2018;

1028    Attorney Fee Letter from Hope Janke, PSOB Director, to J. Stephen Wirthlin (Attorney for Claimant), dated May 08, 2018;

**C. Evidence, correspondence, and other information associated with the record that was before the BJA Director (includes items in A and B above):**

1029    Email Request for BJA Director Appeal from J. Stephen Wirthlin (Attorney for Claimant) to Orlando Vasquez, dated June 13, 2018;

1030    Email Communication between J. Stephen Wirthlin (Attorney for Claimant), Hope Janke, PSOB Director, and Orlando Vasquez, PSOB Paralegal, dated July 20, 2018;

    1031    BJA Appeal Request from J. Stephen Wirthlin (Attorney for Claimant), to Hope Janke, PSOB Director, dated October 17, 2019;

    1032    Memorandum in support of Director's Appeal letter from J. Stephen Wirthlin (Attorney for Claimant), to PSOB, undated;

1036    Acknowledgment of BJA Appeal from Hope Janke, PSOB Director, to John Cramer, dated June 22, 2018;

1037    Independent Medical Review, conducted by Paul Di Cesare, MD, FACS, dated February 24, 2020;

1042    Addendum Independent Medical Review, conducted by Paul Di Cesare, MD, FACS, dated March 25, 2020;

1050    Email Communication between John Cramer and Gary Vasquez, PSOB Paralegal, dated May 19-26, 2020;

1055    Letter from Hope Janke, PSOB Director to J. Stephen Wirthlin (Attorney for Claimant) dated May 27, 2020;

1056    Email Communication between Hope Janke, PSOB Director and Michael Schutte (Attorney for Claimant), dated July 16, 2020;

1058    Memorandum in support of Director's Appeal letter from J. Stephen Wirthlin (Attorney for Claimant), to PSOB, dated September 25, 2020, with the following: (exhibit 2-3 not listed/labeled)

    1065    Exhibit 4: Letter from Peter Buffa, MD, ProHealth Care, dated July 25, 2020;

    1067    Exhibit 5: Memorandum of Board Decision, opinion by: David Dudley, Freida Foster, and Frances Libous, dated April 3, 2013;

    1073    Exhibit 6: Letter from New York State and Local Retirement System dated September 20, 2013;

    1074    Letter from Teresa Shumway, Assistant Director-Disability Services to John Cramer, dated October 3, 2013;

    1075    Exhibit 7: Letter from Social Security Administration to John Cramer, dated September 8, 2014;

1079    Letter from Hope Janke, PSOB Director to The Honorable Andre Garbarino, Member, U.S. House of Representatives, dated October 19, 2021.

1080    Email Communication between Miguel Leon to Gary Vasquez, PSOB Benefits Specialist, Hope Janke, PSOB Director, Eric Martin, PSOB Benefit Specialist and Felicia Wintz, PSOB Benefits Specialist, dated June 11, 2023 – June 12, 2023;

1083    Email Communication between Disabled Officer to Gary Vasquez, PSOB Benefits Specialist, dated July 17, 2023, with the following:

1085    2022 1098 Mortgage Interest Statement for John R Cramer and Jean V. Cramer

1087    2022 1099-INT for John R Cramer

1089    2022 Schedule K-1 1041

1091    Letter from Allison Heaney President SKAGGS WALSH Division of The Energy Conservation Group, dated January 11, 2023

1092    2022 SSA Social Security Benefits Statement for John Cramer

1094    2022 1099-R for Jean Cramer

1095    2022 1040 U.S. Individual Income Tax Return for John and Jean Cramer

1103    2022 New York State Resident Income Tax Return for John and Jean Cramer

1119  Email Communication between Hope Janke, PSOB Director to Gary Vasquez, PSOB Benefits Specialist and Disabled Officer, dated December 30, 2023-December 31, 2023;

1120  Email Communication between Disabled Officer to Gary Vasquez, PSOB Benefits Specialist, dated January 23,2024, with the following:

1121    Certificate of Identity for John Cramer, dated January 23, 2024.

1123   Email Communication Correspondence Attachments between J. Stephen Wirthlin to Hope Janke PSOB Director, John Cramer and Gary Vasquez, PSOB Benefits Specialist, dated September 4, 2025, with the following:

      1124   Exhibit 1: Correspondence from J. Stephen Wirthlin, Esq to Hope Janke PSOB Director, dated September 4, 2025;

      1126   Exhibit 2: Medical Documentation PACS Images Patient Communication, dated September 5, 2023;

      1127   Exhibit 3: Medical Documentation PACS Images Patient Communication, dated September 15, 2023;

      1128   Exhibit 4: Medical Documentation PACS Images Patient Communication, dated September 1, 2023;

      1129   Exhibit 5: Medical Documentation from Peter D Buffa M.D. Island Medical Optum PH Internal Med Bethpage to Whom It May Concern, dated September 22, 2023;

1130   Letter from J. Stephen Wirthlin to Peter D Buffa, MD, dated August 18, 2025, with the following:

      1135   Exhibit 1: Medical Documentation Progress Notes, dated February 27, 2023;

      1142   Exhibit 2: Medical Documentation Progress Notes, dated August 10, 2023;

      1149   Exhibit 3: Medical Documentation Progress Notes, dated August 30, 2023;

      1156   Exhibit 4: Medical Documentation Progress Notes, dated February 29, 2024;

      1164   Exhibit 5: Medical Documentation Progress Notes, dated September 5, 2024;

      1180   Exhibit 6: Medical Documentation Progress Notes, dated March 6, 2025;

      1188   Exhibit 7: Medical Documentation Progress Notes, dated June 11, 2025;

1196   Curriculum Vitaes for William J. Oetgen;



**U.S. Department of Justice**

Office of Justice Programs

*Bureau of Justice Assistance*

Washington, D.C. 20531

## COUNSEL CERTIFICATION

FROM:    Marcia Good
         Acting Public Safety Officers' Benefits Program Legal Counsel

RE:      John Cramer, PSOB Claim No. 2013-DIS-047

I have reviewed the above-captioned file and the associated determination. In my view, the determination is consistent with the terms of the PSOB Act and its implementing regulations. Accordingly, I conclude the determination to be legally sufficient and concur in the determination that the claim is not legally payable.

**MARCIA GOOD** Digitally signed by MARCIA GOOD
Date: 2026.01.02 13:19:59 -05'00'

Marcia Good

FROM:

S. Wirthlin
3743 Aylesboro Ave.
Cincinnati, Ohio 45208

**CERTIFIED MAIL®**

PLACE STICKER AT TOP OF ENVELOPE, TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

9589 0710 5270 2369 6915 20

**Retail**

UNITED STATES
POSTAL SERVICE®

**RDC 99**

20439

U.S. POSTAGE PAID
FCM LG ENV
CINCINNATI, OH 45209
JAN 15, 2026

**$8.58**

S2324P503308-20

**RECEIVED**

JAN 28 2026

United States Court of Appeals
For the Federal Circuit

Jarrett B. Perlow
Office of the Clerk of the
Court of Appeals for
The Federal Circuit
717 Madison Place, NW
Washington. DC 20439